UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Case No. 21-cr-180 (JRT)

UNITED STATES OF AMERICA,

　　　　Plaintiff,

v.

ARKDAY PAVLOVICH PICHURIN,

　　　　Defendant.

**PLEA AGREEMENT AND SENTENCING STIPULATIONS**

The United States of America and Arkady Pavlovich Pichurin (hereinafter referred to as the "Defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the Defendant and the United States Attorney's Office for the District of Minnesota. This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1. **Charges.** The Defendant agrees to plead guilty to Count 1 of the Information, which charges the Defendant with production of child pornography, in violation of 18 U.S.C. §§ 2251(a) and 2251(e). The United States agrees not to charge the Defendant with any other crimes associated with the conduct described herein.

The Defendant has been charged with a variety of related crimes in various cases that are pending in Olmsted County, Minnesota. The Defendant understands that resolution of the state charges against him will occur independent of this Agreement, pursuant to the terms of separate plea agreement between him and the State of Minnesota. If the Defendant is unable to reach an agreement with the State

to resolve his state charges, that will not be a basis for withdrawing from the Agreement in this matter.

2. **Factual Basis.** The parties agree on the following factual basis as to Count 1 of the Information. The Defendant stipulates and agrees that were the matter to go to trial, the United States would prove the following facts beyond a reasonable doubt.

Count 1:

a. At all relevant times, the Defendant resided in the State and District of Minnesota. As it pertains to the Defendant, the conduct described herein took place in the State and District of Minnesota.

b. From on or about November 8, 2020 until on or about January 8, 2021, the Defendant knowingly sexually exploited a minor girl, Minor A, who was between the ages of 9 and 10-years-old at the time. Specifically, the Defendant knowingly used Minor A to produce child pornography.

c. The Defendant's sexual exploitation of Minor A took place online, specifically using a variety of instant messaging and texting service, including Snap Chat. The Defendant misrepresented his age and identity to Minor A. He also persuaded, induced, and enticed Minor A to produce child pornography by agreeing to be in a relationship with her, sending her sexually explicit pictures of himself, and sending her adult and child pornography.

d. The Defendant would solicit and request that Minor A send him images and videos of her naked body, including her genitals, and of her performing various sexually explicit acts, such as masturbating and inserting objects into her vagina or anus. Minor A complied with the Defendant's requests and sent him the child pornography he requested.

e. The Defendant would view the child pornography videos and images Minor A sent him on various electronic devices, including an Asus Vivobook laptop computer. He also used this device to communicate with and solicit child pornography from Minor A. This Asus Vivobook was manufactured outside of the United States and therefore had moved in foreign and interstate commerce to reach Minnesota.

f. When the Defendant viewed the images and videos of child pornography that he convinced Minor A to produce for him, he sometimes screen recorded (that is, create a video of what was on his computer screen) those images and videos. These screen recordings were saved to his Asus Vivobook. Some of those screen recordings bear the file identifiers and contain the content described below:

| MD5 Value | Description |
|---|---|
| eedbcfdf577e8e9012e2e8cee3c2cb84 | A video wherein Minor A is seen completely naked with her vagina exposed |
| 4777dc10191abf21b05985cf69df1f49 | A video wherein Minor A is exposing her vagina and anus to the camera |
| 0b944f2b582a105c399156197b8f50b | A video wherein Minor A exposes her bare buttocks, pulling the cheeks apart to expose her anus and vaginal lips |

Other agreed upon facts:

g. From on or about September 1, 2020 through on or about January 14, 2021, the Defendant sexually exploited other minors online, that is, he used them to produce child pornography. He used tactics similar to those he employed against Minor A and had these other minors produce similar pornographic images.

h. On the Defendant's Asus Vivobook laptop are images, videos, screen recordings, and communications related to his sexual exploitation of more than twenty minors. Of those minors, the United States has identified five victims (including Minor A), referred to herein as Minors A, B, C, D, and E. Those victims ranged in age from 8 to 17 years old. The Defendant agrees that for the purposes of restitution, all of the minors he sexually exploited, whether identified now or later, are victims who are entitled to restitution.

i. Law enforcement seized a number of electronic devices belonging to the Defendant. When searched, each of them contained hundreds or thousands of images and/or videos of child pornography. The Defendant downloaded or otherwise acquired these images from the Internet. In total, the Defendant's collection of child pornography contained many thousands of images and videos. These images and videos depicted children from approximately the age of a few months old to 17 years old. Many depicted sado-masochistic behaviors, such as children being orally, vaginally, and/or anally raped by adults. Others depicted

children performing sexual acts on animals, or having animals perform sexual acts on them.

3. **Waiver of Indictment.** The Defendant agrees to waive indictment by a grand jury on this charge and to consent to the filing of a criminal information. The Defendant further agrees to execute a written waiver of his right to be indicted by a grand jury on this offense.

4. **Waiver of Pretrial Motions.** The Defendant understands and agrees that he has certain rights to file pre-trial motions in this case. As part of this plea agreement, and based upon the concessions of the United States, the Defendant knowingly, willingly, and voluntarily gives up the right to file pre-trial motions in this case.

5. **Statutory Penalties.** The parties agree that Count 1 of the Information carries statutory penalties of:

    a. a maximum term of 30 years in prison (18 U.S.C. § 22521(e));

    b. a mandatory minimum term of 15 years in prison (18 U.S.C. § 2251(e));

    c. a supervised release term of at least 5 years and up to a maximum supervised release term of life (18 U.S.C. § 3583(k));

    d. a criminal fine of up to $250,000 (18 U.S.C. § 3571(b)(3));

    e. a mandatory special assessment of $100.00 (18 U.S.C. § 3013(a)(2)(A));

    f. an assessment of $5,000 to the Domestic Trafficking Victims' Fund (18 U.S.C. § 3014);

    g. an assessment of up to $50,000 (18 U.S.C. § 2259A(a)(3)); and,

4

  h.  mandatory restitution to the victims of the Defendant's crimes in the amount of any legally supported claim (18 U.S.C. §§ 2259, 3663A).

 6. **Revocation of Supervised Release.** The Defendant understands that if the Defendant were to violate any condition of supervised release, the Defendant could be sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

 7. **Guideline Calculations**. The parties acknowledge that the Defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq.* Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guideline calculations:

<u>Count 1:</u>

 a. <u>**Base Offense Level**</u>**:** The parties agree that the base offense level for production of child pornography in this case is <u>**32**</u>. U.S.S.G. § 2G2.1(a).

 b. <u>**Specific Offense Characteristics**</u>**:**

  i. The parties agree that the offense level should be increased by an additional <u>**4**</u> levels because the Defendant's crime involved a minor who was not yet 12 years old. U.S.S.G. § 2G2.1(b)(1)(A).

  ii. The parties agree that the offense level should be increased by an additional <u>**2**</u> levels because the Defendant's crime involved sexual acts. U.S.S.G. § 2G2.1(b)(2)(A).

  iii. The parties agree that the offense level should be increased by an additional <u>**2**</u> levels because the Defendant used a computer and

        interactive computer service to produce child pornography. U.S.S.G. § 2G2.1(b)(6).

    iv. The parties agree that no other specific offense characteristics apply.

c. **Chapter Three Adjustments**:

    i. Acceptance of Responsibility: The parties agree that if the Defendant (1) provides full, complete, and truthful disclosures to the United States Probation and Pretrial Services Office, including providing complete, accurate, and truthful financial information; (2) testifies truthfully during the change of plea and sentencing hearings; (3) complies with this agreement; and (4) undertakes no act inconsistent with acceptance of responsibility before the time of sentencing, the United States will to recommend that the Defendant receive a **two-level reduction** for acceptance of responsibility under U.S.S.G. § 3E1.1(a), and to move for an **additional one-level reduction** under § 3E1.1(b).

    ii. The parties agree that no other Chapter 3 enhancements apply.

d. **Chapter Four Adjustments**:

    i. The parties agree that the offense level should be increased by **5** levels because the Defendant engaged in a pattern of activity involving prohibited sexual conduct. U.S.S.G. § 4B1.5(b)(1).

The Defendant's total adjusted offense level is **42** (32 + 4 + 2 + 2 + 5 - 3 = 42).

e. **Criminal History Category**. Based on information available at this time, the parties believe that the Defendant's criminal history category is **I**. U.S.S.G. §§ 4A1.1 and 4A1.2. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The Defendant's actual criminal history and related status (which might impact the Defendant's adjusted offense level) will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. If it is determined that Defendant's criminal history is greater than I that will <u>not</u> be a basis to withdraw from this plea agreement.

6

f. **Advisory Guideline Range.** If the adjusted offense level is **42**, and the criminal history category is **I**, then the advisory Guidelines range is 360 months of imprisonment, as set by the statutory maximum sentence. U.S.S.G. § 5G1.1(a); 18 U.S.C. § 2251(e).

The Defendant understands and agrees that the statute of conviction carries a **15 year (180 months) mandatory minimum sentence**. 18 U.S.C. § 2251(e).

g. **Fine Range.** If the adjusted offense level is **42**, the fine range is $50,000 to $250,000. U.S.S.G. § 5E1.2(c)(3); 18 U.S.C. § 3571(b)(3).

h. **Supervised Release.** The Sentencing Guidelines require a term of supervised release of at least five years and up to a term of life. U.S.S.G. §§ 5D1.2(b)(2) and 5D1.2(c); 18 U.S.C. § 3583(k).

i. **Sentencing Recommendation and Departures**. Due to the unique circumstances of this matter, including the Defendant's immediate willingness to plead to an information, and the evidence known to the United States at the time of the entry of this plea, the parties agree to the following:

   i. The Defendant reserves the right to move for a downward departure or variance and the United States reserves the right to oppose such a motion.

   ii. The Defendant understands that the **mandatory minimum sentence** is 15 years (180 months) of imprisonment, while his maximum sentence is 30 years (360 months) of imprisonment.

   iii. The parties agree and recommend that the Court order that the sentence of imprisonment in this case be run concurrent to any sentence of imprisonment the Defendant receives in his related Olmsted County case, No. 55-CR-21-332. *See* U.S.S.G. § 5G1.3(b)(2).

   iv. The parties agree and recommend that the Court adjust the sentence of incarceration the Defendant receives in this matter to credit any time he previously served in the following related Olmsted County cases: 55-CR-21-332, 55-CR-21-1198, 55-CR-21-1528, 55-CR-21-2750, 55-CR-21-3573. *See* U.S.S.G. § 5G1.3(b)(1).

   v. The parties agree to jointly recommend a term of supervised release of at least 25 years. They further agree that the

7

Defendant's supervised release should contain sex offender specific conditions such as: (1) submitting to a psycho-sexual evaluation and if treatment is recommended, participating in such treatment and following the directives of the Defendant's treatment provider; (2) limited access to the internet and electronic devices with internet capability; (3) internet monitoring by Probation; (4) searches of the Defendant's person and property by Probation; and (5) registration as a sex offender.

8. **Discretion of the Court.** The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court may make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines range. If the Court determines that the applicable guideline calculations or the Defendant's criminal history category are different from that stated above, the parties may not withdraw from this agreement, and the Defendant will be sentenced pursuant to the Court's determinations.

9. **Special Assessments.** The Guidelines require payment of a special assessment in the amount of $100.00 for each felony count of which the Defendant is convicted. U.S.S.G. § 5E1.3. The Defendant agrees to pay the $100.00 special assessment at the time of sentencing.

Furthermore, the United States will request the Court order the Defendant to pay assessments in the amounts of $5,000 (18 U.S.C. § 3014) and $50,000 (18 U.S.C. § 2259A(a)(3)) at the time of sentencing. The Defendant understands and agrees that unless he meets his burden to prove he is indigent and the Court finds him so, he must pay these assessments.

.
.

Any assessment imposed shall be paid through the Office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

**10.    Restitution and Victim Rights.**  The Defendant understands and agrees that restitution to the victims of his crimes is mandatory. *See* 18 U.S.C. §§ 2259, 3663 and 3663A. Thus, the Defendant understand and agrees that the Court is required to order him to make restitution to the victims. The Defendant agrees that all the minors he used to produce child pornography are victims, whether or not they are identified and regardless of whether they are mentioned in the Information or this Agreement. The Defendant further agrees that these minors are entitled to restitution and that he owes restitution to each of them in the amount of any legal and validated claim they submit, regardless of whether these minors are categorized as victims in the aforementioned statutes. Should one or more of his minor victims later be identified, he agrees that individual may submit a claim for restitution and the judgment against him may be amended to reflect any validated claim.

There is presently no agreement as to the amount of restitution. However, the parties continue to work towards such an agreement. The parties will provide the Court with an update regarding restitution prior to the Defendant's sentencing.

The Defendant agrees those victims who are identified before his sentencing have the right to submit victim impact statements and/or be heard at sentencing, should they so choose, regardless of whether they are specifically mention in this Agreement or the Information.

The Defendant represents that the Defendant will fully and completely disclose to the United States Attorney's Office the existence and location of any assets in which the Defendant has any right, title, or interest. The Defendant agrees to assist the United States in identifying, locating, returning, and transferring assets for use in payment of restitution and fines ordered by the Court.

The Defendant further agrees that the Defendant will provide the United States, under penalty of perjury, a financial disclosure form listing all the Defendant's assets and financial interests valued at more than $1,000. Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), which occur prior to sentencing, within seven days of the event giving rise to the changed circumstance. The Defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on him to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court.

11.   **Forfeiture.** The Defendant agrees to forfeit to the United States, pursuant to 18 U.S.C. § 2253(a), all property, real or personal, used or intended to be used to commit the offense, including the following property:

   a. any visual depiction described in section 2251, 2251A, 2252, 2252A, 2252B, or 2260 of Chapter 110, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Chapter 110;

   b. any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

   c. any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property, including, but not limited to:

i. Asus Vivobook M4130 laptop computer with serial number L7N0CX02898127G;

ii. Motorola Moto G-6 cellular telephone with MEID 256691840601451893;

iii. Samsung Note 8 SM-N950U cellular telephone with IMEI 358505084854658;

iv. Samsung Behold SCH-T919 cellular telephone with serial number R7WS627304V;

v. Samsung Slash SPH-M310 cellular telephone with HEX A1000001023448;

vi. HTC Windows cellular telephone with serial number HT23TVR01061;

vii. Apple iPhone X A1901 cellular telephone with serial number FK1VQ4WNJCLH;

viii. 16GB Lexar flash drive; and,

ix. 8GB Apple iPod Touch 2G A1288 with serial number 1B922A8B201.

The Defendant agrees to forfeit this property because it was used, or intended to be used, to commit the offense charged in Count 1 of the Information, or other criminal offenses described herein.

The Defendant agrees that such property may be forfeited through civil, administrative of criminal forfeiture proceedings, waives any deadline for the initiation of such proceedings, abandons any interest in such property, and consents to its destruction.

The United States reserves the right to seek the direct forfeiture of additional assets pursuant to 18 U.S.C. § 2253(a), and the forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b).

**12.  Waivers of Appeal and Collateral Attack.**  The Defendant understands that 18 U.S.C. § 3742 affords the Defendant the right to appeal the sentence imposed in this case. Acknowledging this right, and in exchange for the concessions made by the United States in this plea agreement, the Defendant hereby waives all rights conferred by 18 U.S.C. § 3742 to appeal his sentence so long as that sentence is not greater than 360 months of imprisonment. The Defendant also waives, to the full extent of the law, his right to appeal any assessment, forfeiture, or restitution order associated with his sentence.

The United States agrees to waive its right to appeal the Defendant's sentence, unless that sentence is less than 300 months.

The Defendant understands that he has the right to petition under 28 U.S.C. § 2255. Acknowledging this right, and in exchange for concessions made by the United States in this plea agreement, Defendant expressly waives the right to petition under 28 U.S.C. § 2255, except for petitions alleging ineffective assistance of counsel. The Defendant has discussed these rights with his attorney. The Defendant understands the rights being waived, and the Defendant waives these rights knowingly, intelligently, and voluntarily.

**13.  FOIA Waiver.**  In exchange for concessions made by the United States, the Defendant hereby waives all rights to obtain, directly or through others,

information about the investigation and prosecution of this case under the Freedom of Information Act (FOIA) (5 U.S.C. § 552) and the Privacy Act of 1974 (5 U.S.C. § 552A).

14. **Sex Offender Registration.** The Defendant understands that by pleading guilty, the Defendant may be required to register as a sex offender upon his release from prison as a condition of his supervised release pursuant to 18 U.S.C. § 3583(d). Defendant also understands that independent of supervised release, he may be subject to federal and state offender registration requirements, and that those requirements may apply throughout his life.

15. **Complete Agreement.** This, along with any agreement signed by the parties before entry of plea, is the entire agreement and understanding between the United States and the Defendant. The Defendant enters into this agreement after discussing it with his counsel and with full knowledge of its terms. The Defendant affirms that he is entering this agreement voluntarily and has not been threatened, coerced, or unduly influenced in his decision.

Date: August 23, 2021

W. ANDERS FOLK
Acting United States Attorney

BY: ALEXANDER D. CHIQUOINE
Assistant U.S. Attorney

Date: August 12, 2021

_____
ARKADY PAVLOVICH PICHURIN
Defendant

Date: August 12, 2021

_____
JAY ADKINS, ESQ.
Counsel for Defendant